IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1: 15 - cv – 00160 - RM-MJW

ANTONY SPENCER and LAURIE BENE ROLFE SPENCER
    Plaintiffs,

vs.

CODY WALKER
    Defendant.

STIPULATED PROTECTIVE ORDER (Docket No 21-1)

The parties stipulate as follows:

1. This action involves allegations by Plaintiffs Antony Spencer and Laurie Bené Rolfe Spencer that the Defendant, Cody Walker, was negligent, and that such negligence caused the Plaintiffs personal injuries, and consequent economic and noneconomic damages.

2. The Plaintiffs as is routine in such cases, anticipates producing and otherwise facilitating the providing to the Defendant's counsel certain medical, and business and financial records.

3. Such records are not available to the public and are considered and treated by Plaintiff as confidential. Any document which Plaintiff wishes to include within this agreement shall be labeled and otherwise marked "Subject to protective order. *Spencer v. Walker*, 15-00160 (D.Colo.)."

4. Documents so marked are considered as a designation of CONFIDENTIAL for purposes of this Stipulated Confidentiality Order.

5. The Defendant agrees that medical, business and financial records that come otherwise into the Defendant's or his counsel's possession, e.g., by means of disclosures or a medical

1

authorization signed by the Plaintiff, shall also be deemed as CONFIDENTIAL for purposes of this Stipulated Confidentiality Order.

6. In light of the allegations of this case, Plaintiff and Defendant agree that these records may be relevant for discovery purposes. By producing these records in discovery neither Plaintiff nor Defendant takes any position on their admissibility for other purposes, such admissibility to be determined at the appropriate later time.

7. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL, to file an appropriate motion requesting that the court determine whether the disputed information should be subject to the terms of this Protective Order. Such information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

8. Subject to the terms of Paragraph 7 hereof, Defendant and his counsel agree that documents subject to this agreement (e.g., medical records marked "Subject to protective order. *Spencer v. Walker*, 15-00160 (D.Colo.)", or like documents that otherwise come into the possession of Defense counsel will be protected as follows:

(a) Such documents shall remain confidential and not be disclosed by Defendant or his agents (including his counsel) to any person not legitimately connected with this lawsuit unless as provided herein;

(b) The control and distribution of these documents shall be the responsibility of the Defendant's attorneys of record, who, if they provide these documents to experts or third persons, e.g., insurance adjusters, agree (i) to first disclose to Plaintiff's counsel the identity of such person, (ii), before providing such documents to any third person, obtain such third person's written agreement to not further distribute the documents to other persons, and to destroy the documents at the conclusion of the case, and provide a certificate of destruction which will be provided forthwith to the Plaintiff's counsel (iii) provide a copy of such written agreement to opposing counsel within one week of providing the documents to such third person;

(c) If either party wishes to use any document protected hereunder in connection with a pretrial motion, including a motion for summary judgment, the document shall be attached to the motion or other filing in an envelope marked confidential. Any such markings filed with the Court shall abide by the provisions of Local Rule 7.2. However, the parties acknowledge that the Court is under no obligation to follow separate requirements and that filing a motion does not automatically guarantee Court approval to restrict public access. A party will be deemed to have met their obligations under this order if the proper procedures under Local Rule 7.2 have been followed, even if the Court denies the request;

(d) If either party offers a document protected hereunder into evidence at trial, such document, if admitted, shall be, upon publication of same to the jury, and upon the jury's returning of the verdict, be placed into an envelope marked "CONFIDENTIAL"; and

(e) That upon conclusion of this litigation, any and all copies of these confidential documents shall be returned to counsel for Plaintiff, or shall be destroyed by defendant's counsel, who shall so certify to plaintiffs' counsel. Counsel for Defendant agrees to retrieve and destroy all documents subject hereto from experts and other persons who are permitted hereunder to receive copies of confidential documents subject hereto, or to obtain a certificate of destruction from such third parties, and provide same to Plaintiffs' counsel.

5. The parties agree that counsel for Plaintiff shall file the Motion for Entry of Stipulated Confidentiality Order, which has been provided in advance to Defendant's counsel, who has approved the form of such motion.

BY THE COURT:

Dated: March 30, 2015

_____
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

Approved as to Form:

_____
Harlan P. Pelz, counsel for Plaintiffs
Antony Spencer and Laurie Bené Spencer Rolfe

_____
Billy-George Hertzke, counsel for Defendant Cody Walker

4